# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 159808/2021

RECEIVED NYSCEF: 10/28/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

DANIEL LASTRES,

                          Plaintiff,

                    -against-

CITY OF NEW YORK; POLICE OFFICER
NIKOLAOS LIANDRAKIS, SHIELD # 14803,
CAPTAIN CHRISTOPHER TREUBIG (6TH
PRECINCT), and NYPD Officers JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                          Defendants.

-------------------------------------------------------------------X

**SUMMONS**

Jury Trial Demanded

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
CPLR § 504(3)

**To the above named Defendants:**

      **You are hereby summoned** to answer the Complaint in this action, and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
        October 27, 2021

*Robert W. Georges*

      Robert W. Georges, Esq.
      KONTA, GEORGES & BUZA, P.C.
      233 Broadway, Ste. 900
      York, New York 10279
      Tel. (212) 710-5166

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 159808/2021

RECEIVED NYSCEF: 10/28/2021

TO:

ZACHARY W. CARTER
Corporation Counsel of the City of New York
Attorney for Defendant THE CITY OF NEW YORK
100 Church Street
New York, New York 10007


NIKOLAOS LIANDRAKIS, SHIELD # 14803

CAPTAIN CHRISTOPHER TREUBIG (6TH PRECINCT)

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 159808/2021

RECEIVED NYSCEF: 10/28/2021

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 159808/2021

RECEIVED NYSCEF: 10/28/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

DANIEL LASTRES,

Plaintiff,

-against-

CITY OF NEW YORK; NIKOLAOS LIANDRAKIS,
SHIELD # 14803, CAPTAIN CHRISTOPHER
TREUBIG (6TH PRECINCT), and NYPD Officers JOHN
and JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**Jury Trial Demanded**

**Index No.**

**BASIS FOR VENUE:**

**CPLR § 504(3)**

PLAINTIFF DANIEL LASTERS, by PLAINTIFF'S attorney, KONTA, GEORGES &

BUZA, P.C. complaining of the defendants, respectfully alleges as follows:

**PARTIES**

1.      PLAINTIFF DANIEL LASTRES, is an African American male and has been at

all relevant times a resident of KINGS County in the City and State of New York.

2.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

3.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police

Department, duly authorized public authorities and/or police departments, authorized to perform

all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, The City of New York.

4.      That at all times hereinafter mentioned, Defendants NIKOLAOS LIANDRAKIS,

SHIELD # 14803, CAPTAIN CHRISTOPHER TREUBIG (6TH PRECINCT), and NYPD

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities were police officers, detectives or supervisors employed by the NYPD. PLAINTIFF does not know the real names and shield / tax numbers of defendants John & Jane Doe 1 through 10.

5.     That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

6.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

7.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

8.     PLAINTIFF has complied with all conditions precedent to suit.

<u>STATEMENT OF FACTS</u>

9.     On or about September 13, 2020, at or around 11:00 PM, PLAINTIFF was lawfully within the vicinity of Washington Square Park.

10.    PLAINTIFF was walking in the vicinity of the above mentioned location when several unidentified New York City Police Officers, including Defendants DETECTIVE RASHIED MCINTYRE SHIELD #5043, DETECTIVE JOHNNY JIMINEZ, SHIELD # 446, and the DOE defendants, approached PLAINTIFF.

11.    The defendant officers unlawfully searched PLAINTIFF, despite the fact that they had no reasonable suspicion or other lawful basis to do so.

12.    The defendants then assaulted, battered and used excessive force on PLAINTIFF.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

13.     Specifically, the defendant officers threw PLAINTIFF onto the ground, punched and otherwise beat PLAINTIFF, causing serious injuries, including fracture of plaintiff's right arm and right shoulder.

14.     Defendants recovered no contraband from PLAINTIFF.

15.     Notwithstanding the fact that defendants had no probable cause to believe that PLAINTIFF had committed any crimes or offenses, defendants placed PLAINTIFF into handcuffs and under arrest.

16.     PLAINTIFF immediately started to complain about severe pain in his right shoulder and right arm and requested medical attention.

17.     However, the defendants ignored PLAINTIFF's complaints and transported him to the police precinct without any medical attention.

18.     While at the precinct, PLAINTIFF noticed that his right hand was extremely swollen, and that his range of motion in his right hand was compromised.

19.     PLAINTIFF then again requested medical attention and was transported to Mount Sinai Hospital, where he was diagnosed with metacarpal bone fracture of his right arm.

20.     A hard cast was applied to PLAINTIFF's right arm and he was transported back to the precinct and then to central bookings, where he was detained for an extended period of time prior to being released.

21.     While at the precinct the defendants officers, including defendants NIKOLAOS LIANDRAKIS, SHIELD # 14803, CAPTAIN CHRISTOPHER TREUBIG (6TH PRECINCT), and the DOE defendants, falsely informed employees of the MANHATTAN County District Attorney's Office ("DA's Office") that they had observed PLAINTIFF commit various crimes/offenses.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 159808/2021

RECEIVED NYSCEF: 10/28/2021

22.     Neither NIKOLAOS LIANDRAKIS, SHIELD # 14803, CAPTAIN CHRISTOPHER TREUBIG (6TH PRECINCT), nor the DOE defendants observed PLAINTIFF violate any laws / ordinances.

23.     The allegations made by Defendants to the DA's Office were false, and the defendants knew them to be false at the time the defendants made the allegations.

24.     The defendants then forwarded these false allegations to the DA's Office in order to justify the unlawful arrest of PLAINTIFF and to persuade the DA's Office to commence and/ or continue the criminal prosecution of PLAINTIFF.

25.     The defendants knew and understood that the DA's Office was relying on the truthfulness of defendants' claims and statements in order to evaluate whether to commence a criminal prosecution against the PLAINTIFF. Defendants were aware that the DA's Office assumed that all of the factual statements, claims and allegations that defendants relayed to the DA's Office were truthful in all material respects.

26.     While at the precinct, PLAINTIFF requested medical attention on multiple occasions but his requests were denied by Defendants.

27.     From the precinct, PLAINTIFF was then transported to Central Booking, and was subsequently arraigned.

28.     After arraignment, PLAINTIFF was finally released from custody.

29.     Upon release, PLAINTIFF received medical treatment for the injuries sustained as a result of defendants' unlawful use of excessive force, assault, and battery.

30.     PLAINTIFF appeared in court as required, PLAINTIFF's criminal case was dismissed and sealed on September 10, 2021 in Manhattan Criminal Court.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

31.    PLAINTIFF suffered damage as a result of defendants' actions.  PLAINTIFF was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, including right arm metacarpal bone fracture, and disfigurement of right arm, anxiety, embarrassment, humiliation, reputational damage, and lost wages.

**CLAIM ONE**
**Under State and Federal Law**
**UNLAWFUL STOP, SEARCH, AND SEIZURE**

32.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

33.    As a result of the aforesaid conduct by defendants, PLAINTIFF's person and possessions were illegally stopped, searched, and seized without consent, a valid warrant, probable cause, reasonable suspicion, privilege or any other lawful basis, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and New York State.

34.    As a result of the aforesaid conduct by defendants, PLAINTIFF was subjected to an illegal, improper and false arrest by the defendants and caused to be falsely imprisoned, detained and confined.  The aforesaid actions by the defendants constituted a deprivation of the PLAINTIFF's rights.

**CLAIM TWO**
**Under State and Federal Law**
**FALSE ARREST**

35.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

36.    Defendant police officers arrested PLAINTIFF in the absence of probable cause and without a valid warrant.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 159808/2021

RECEIVED NYSCEF: 10/28/2021

37.     As a result of the aforesaid conduct by defendants, PLAINTIFF was subjected to an illegal, improper and false arrest by the defendants and caused to be falsely imprisoned, detained and confined.  The aforesaid actions by the defendants constituted a deprivation of the PLAINTIFF's rights.

## CLAIM THREE
### Under State and Federal Law
### MALICIOUS ABUSE OF PROCESS

38.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

39.     The individual defendants issued a legal process to place PLAINTIFF under arrest.

40.     The Municipal Defendants arrested PLAINTIFF in order to obtain collateral objectives outside the legitimate ends of the legal process.

41.     The Municipal Defendants acted with intent to do harm to PLAINTIFF without excuse or justification.

42.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, deprivation of constitutional rights, in addition to the damages hereinbefore alleged.

## CLAIM FOUR
### Under State and Federal Law
### MALICIOUS PROSECUTION

43.     PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

44.    By their conduct, as described herein, defendants are liable to PLAINTIFF for having committed malicious prosecution under the laws of the State of New York.

45.    Defendants maliciously commenced criminal proceeding against PLAINTIFF, falsely accusing PLAINTIFF of violating the law.

46.    Defendants falsely and without probable cause charged PLAINTIFF with violations of the laws of the State of New York.

47.    The commencement and continuation of the criminal proceedings against PLAINTIFF was malicious and without probable cause.

48.    All charges were terminated in PLAINTIFF's favor.

49.    Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of PLAINTIFF. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50.    As a direct and proximate result of the misconduct and abuse of authority stated above, PLAINTIFF sustained the damages alleged herein.

## CLAIM FIVE
### Under Federal Law
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

51.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

52.    Defendants created false evidence against PLAINTIFF.

53.    Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 159808/2021

RECEIVED NYSCEF: 10/28/2021

54.    Defendants misled the prosecutors by creating false evidence against PLAINTIFF and thereafter providing false testimony throughout the criminal proceedings.

55.    In creating false evidence against PLAINTIFF, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated PLAINTIFF's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

56.    As a result of the foregoing, PLAINTIFF's liberty was restricted for an extended period of time, was put in fear for PLAINTIFF'S safety, and was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## CLAIM SIX
### Under State and Federal Law
### UNREASONABLE FORCE

57.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

58.    The defendants violated the Fourth and Fourteenth Amendments and New York State Law because they used unreasonable, excessive, and unjustified force on PLAINTIFF.

59.    As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

## CLAIM SEVEN
### Under Federal Law
### FAILURE TO INTERVENE

60.    PLAINTIFF repeats and realleges each and every allegation as if fully set forth herein.

61.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM

NYSCEF DOC. NO. 1

INDEX NO. 159808/2021

RECEIVED NYSCEF: 10/28/2021

conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

63.     As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

### CLAIM EIGHT
### Under State Law
### ASSAULT and BATTERY

64.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

65.     Defendants' aforementioned actions placed PLAINTIFF in apprehension of imminent harmful and offensive bodily contact.

66.     Defendant police officers touched PLAINTIFF in a harmful and offensive manner.

67.     Defendant police officers did so without privilege or consent from PLAINTIFF.

68.     As a result of defendants' conduct, PLAINTIFF has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### CLAIM NINE
### Under State Law
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

70.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

71.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

72.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

73.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to PLAINTIFF.

74.     As a result of the aforementioned conduct, PLAINTIFF suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

## CLAIM TEN
### Under State Law
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

75.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

76.     By reason of the foregoing, each Defendant was negligent in committing conduct that inflicted emotional distress upon PLAINTIFF.

77.     The negligent infliction of emotional distress by these Defendants was unnecessary and unwarranted in the performance of their duties.

78.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon PLAINTIFF.

79.     The Defendant employers CITY and NYPD are responsible for their wrongdoings of their employees and agents under the doctrine of *respondeat superior*.

80.     As a direct and proximate result of the misconduct and abuse of authority detailed above, PLAINTIFF sustained the damages hereinbefore alleged.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

## CLAIM ELEVEN
### Under Federal Law
### DEPRIVATION OF FEDERAL RIGHTS

81.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

82.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

83.     All of the aforementioned acts deprived PLAINTIFF of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

84.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

85.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

86.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## CLAIM TWELVE
### Under Federal Law
### DELIBERATE INDIFFERENCE TO SAFETY/MEDICAL NEEDS

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM    INDEX NO. 159808/2021

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 10/28/2021

87.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

88.    The individual defendants were aware of a risk to PLAINTIFF's safety and a need for medical care and failed to act in deliberate indifference to PLAINTIFF's needs.

89.    Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to PLAINTIFF's medical needs and safety.

90.    As a direct and proximate result of this unlawful conduct, PLAINTIFF sustained the damages hereinbefore alleged.

### CLAIM THIRTEEN
### Under State Law
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

91.    PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

92.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

93.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

94.    Due to the negligence of the defendants as set forth above, PLAINTIFF suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### CLAIM FOURTEEN
### Under Federal Law
### MUNICIPAL LIABILITY

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

95.     PLAINTIFF repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

96.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

97.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

     i.   arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and,

     ii.   arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and,

     iii.   fabricating evidence in connection with their prosecution in order to cover up police misconduct

98.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the PLAINTIFF.

99.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the PLAINTIFF as alleged herein.

100.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the PLAINTIFF as alleged herein.

101.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the PLAINTIFF's constitutional rights.

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

102.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the PLAINTIFF's constitutional rights.

103.    The acts complained of deprived the PLAINTIFF of his right:

A.  Not to be deprived of liberty without due process of law;

B.  To be free from seizure and arrest not based upon probable cause;

C.  Not to have summary punishment imposed upon him; and

D.  To receive equal protection under the law.

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

ii.  an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

DATED:    New York, New York
          October 27, 2021

*Robert W. Georges*

Robert W. Georges, Esq.
KONTA, GEORGES & BUZA, P.C.
233 Broadway, Ste. 900
York, New York 10279
Tel. (212) 710-5166

FILED: NEW YORK COUNTY CLERK 10/28/2021 02:39 PM
NYSCEF DOC. NO. 1

INDEX NO. 159808/2021
RECEIVED NYSCEF: 10/28/2021

## ATTORNEY'S VERIFICATION

**ROBERT W. GEORGES**, an attorney duly admitted to practice law in the Courts of the State of New York, shows:

That he is a member of KONTA, GEORGES & BUZA, P.C., the attorney for PLAINTIFF DANIEL LASTRES in the within entitled action.

That your deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof, and that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, she believes it to be true.

That the source of the deponent's information is investigation and records in the file.

The reason why the verification is made by the deponent and not by the PLAINTIFF is that the PLAINTIFF is not within the county wherein the deponent maintains his office.

Deponent affirms that the foregoing statements are true under the penalties of perjury.

Dated:       New York, New York
             October 27, 2021

_____/S/_____
**Robert W. Georges**