

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | ANDREA OSGOOD<br>*Assistant Corporation Counsel*<br>phone: (212) 356-2424<br>fax: (212) 356-3509<br>aosgood@law.nyc.gov |

March 1, 2022

**BY ECF**
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Daniel Lastres v. City of New York, et al.</u>, 21 Civ. 10742 (RA)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York ("City") in the above-referenced matter. Defendant City writes to respectfully request a stay of this matter in its entirety, including an adjournment of all deadlines as set forth in Local Rule 83.10, until thirty (30) days after the resolution of the ongoing Civilian Complaint Review Board ("CCRB") Investigation.[1] This is the City's first request for a stay. Plaintiff does not consent to this request.

      By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, false arrest, malicious prosecution, and excessive force related to his September 13, 2020 arrest. Plaintiff names the City of New York, Police Office Nikolaos Liandrakis, and Captain Christopher Treubig as defendants. On December 15, 2021, this case was removed from Supreme Court of New York, County of New York to the United States District Court of the Southern District of New York. (ECF No. 1). On December 16, 2021 this case was designated for participation in Local Rule 83.10 (formerly "The Plan"). (ECF No. 3).

---

[1] As detailed herein, the Office of the Corporation Counsel does not represent the individually named defendant officers. Thus, this application is not being made on their behalf.

The City has become aware that there is an ongoing CCRB investigation into the underlying allegations in this case. There are several reasons why the pending CCRB investigation necessitates a stay of the instant action. First, the outcome of the investigation may affect the representation of the individually named defendants. Before this office may assume representation of the individually named officers, it must conduct an investigation into whether the officers are eligible for representation pursuant to General Municipal Law § 50-(k). See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; see also Muniz v. City of New York, No. 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

At this time, because of the open CCRB investigation, this office cannot make determinations as to whether Officer Liandrakis and Captain Treubig were acting within the scope of their employment and thus, whether this office can represent these defendants in this action. Best practices would prevent this office from even communicating with these officers regarding the underlying facts of this case until the resolution of the CCRB proceedings. This is because, if this office were to assume representation of any involved officer before the CCRB proceedings are complete, but it later becomes apparent that any of them were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off the case. Such a result would cause significant and undue expenditure of resources and delay. This concern is of particular importance here since the individually named defendants, Officer Liandrakis and Captain Treubig, remain the subject of the ongoing CCRB investigation.

Second, upon information and belief, until the investigation concludes, both parties will have limited access to documents, recordings, and/or other information regarding the alleged incident, and to any relevant materials generated by the CCRB during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Nat'l Congress for Puerto Rican Rights v. City of New York, et al., No. 99 Civ. 1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, and should this action proceed concurrently with the CCRB investigation, all parties will suffer from an informational deficit, and this office will be unable to effectively respond to the Complaint,[2] fully participate in court conferences, or adequately prepare discovery.

---

[2] For example, the City cannot adequately respond to allegations such as "[t]hat at times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York" or "[e]ach and all of the acts of the defendants alleged herein were done by said defendants while acting with the scope

Finally, plaintiff will not be prejudiced by a temporary stay. The claims in this case arise from an incident that allegedly occurred on September 13, 2020, meaning that the expiration of the statute of limitations would not occur, at the earliest, until September 13, 2023. Additionally, any potential prejudice to plaintiff would be diminished by the fact that the CCRB is investigating this incident and thus will likely aggregate relevant documents and information, streamlining discovery for all parties.

Based on the foregoing, the City respectfully requests that the Court stay the instant matter until thirty (30) days after the resolution of the CCRB investigation and adjourn *sine die* all deadlines in this case, pending the conclusion of said investigation. With the Court's approval, the City is prepared to provide the Court with periodic updates as to the status of the CCRB investigation, until it has been concluded.

Thank you for your consideration herein.

Respectfully submitted,

/s/ *Andrea Osgood*

Assistant Corporation Counsel
Special Federal Litigation Division

cc: By ECF
Robert W. Georges, Esq.
Konta Georges & Buza, P.C.
*Attorney for plaintiff*

The parties' deadlines under Local Rule 83.10 are adjourned to June 3, 2022. After that date, the parties shall resume participation in the Plan for Certain § 1983 Cases Against the City of New York.

SO ORDERED.

Hon. Ronnie Abrams
03/07/22

---

of their employment by defendant THE CITY OF NEW YORK." (ECF No. 1, Ex. 1, ¶¶ 5, 6). Indeed, when there is an ongoing CCRB Investigation, the City is unable to fully investigate the factual allegations concerning what an officer allegedly did because, until the CCRB investigation is fully closed, this Office cannot question an individual defendant about the specific facts of this matter.